FILED
CLERK
10/26/2015 11:50 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ELLEN D'AMICO,
                Petitioner,

                              ORDER
   -against-                       15-CV-4846 (SJF)(AYS)

CHRISTOPHER CORRADO,
                Respondent.
----------------------------------------------------------------X

FEUERSTEIN, J.

      Christopher Corrado ("Corrado"), *pro se* respondent, has moved for reconsideration of this Court's August 25, 2015 order remanding his case to the Family Court of the State of New York, County of Suffolk – 10th Judicial District ("State Court") pursuant to 28 U.S.C. § 1447(c) ("Remand Order").[1] [DE 13, Mot. for Reconsideration.] Upon certifying the Remand Order, this Court divested itself of jurisdiction and is barred from further consideration of Corrado's case. Accordingly, the motion for reconsideration is denied.

**I.    Background**

      In September 2010, Petitioner, Ellen D'Amico, purportedly filed a child support enforcement action against Corrado in State Court (the "State Action").[2] Almost five (5) years later, on August 12, 2015, Corrado sought to remove the State Action into federal court. [DE 1, Notice of Removal.] Section 1446(b) of Title 28 of the United States Code provides that any notice of removal must typically be filed within 30 days of the filing of the complaint. As a

---

[1] Although Corrado has not attached a copy of the underlying State Court complaint, his filings suggest that the related state action is Index No. 6746-10. *See* DE 1-1, Notice of Pet. and Verified Pet. for Warrant of Removal ("Petition"), at 1 ("[P]etition for removal from the 10th Judicial District Court of New York State County of Suffolk . . . State court cause [sic] no.: 6746-10.").

[2] Although the complaint has not been filed, Corrado represented that the State Action commenced in September 2010 and concerns a child support enforcement claim against him. *See* Pet. at 16.

result, this Court concluded that Corrado had not timely filed his removal notice under

§ 1446(b), and that he had further violated § 1446(a) by failing to attach copies of the State

Action filings to his Petition in this Court. [DE 12, Memorandum and Order ("Remand Order"),

at 3.] Accordingly, on August 25, 2015, this Court *sua sponte* remanded Corrado's case back to

State Court under 28 U.S.C. § 1447(c). Remand Order at 3.

On September 4, 2015, Corrado moved for reconsideration of the Remand Order, *see* DE

13, Mot. for Reconsideration, and filed letters, notices, and memoranda in purported support of

his motion, *see* DE 14-26.

## II. Discussion

"Remand orders based on section 1447(c) are unreviewable on 'appeal or otherwise.'

This language have been universally construed to preclude not only appellate review but also

reconsideration by the district court." *Seedman v. United States Dist. Ct. for Cent. Dist. of Cal.*,

837 F.2d 413, 414 (9th Cir. 1988) (citing 28 U.S.C. § 1447(d)). Indeed, "[o]nce a district court

certifies a remand order to state court it is divested of jurisdiction and can take no further action

on the case." *Id.* (citation omitted); *see Miles v. Miles*, No. 12-cv-4014, 2012 WL 3542319, at *1

(E.D.N.Y. Aug. 13, 2012) (denying defendant's second removal motion on ground that court

lacked jurisdiction after remanding case under section 1447(c)); *Myers v. Sara Lee Corp.*, No.

08-cv-1421, 2009 WL 1373578, at *1 (E.D.N.Y. May 15, 2009) (same, denying defendant's

motion for reconsideration of prior remand order). A district court forfeits jurisdiction when its

remand order issued under § 1447(c) is mailed. *See Shapiro v. Logistec USA Inc.*, 412 F.3d 307,

312 (2d Cir. 2005) (citation and emphasis omitted) ("[S]ection 1447(d) establishes that once a

section 1447(c) remand order has been mailed to the state court pursuant to the latter section,

2

federal jurisdiction is at an end. . . . [S]ection 1447(d) divests the district court of jurisdiction upon mailing of a remand order based on section 1447(c) grounds to state court.").

On August 25, 2015, a certified copy of the Remand Order was mailed to the parties and State Court. Remand Order at 3. Corrado filed his motion for reconsideration and ancillary papers on and after September 4, 2015, after the Court had divested itself of jurisdiction over his case. The Court is consequently barred from reviewing Corrado's present motion for reconsideration of its Remand Order.

### III. Conclusion

For the foregoing reasons, the motion for reconsideration is denied. The Clerk of the Court shall: (1) mail a certified copy of this Order to the *pro se* respondent, Corrado, and the clerk of the Family Court of the State of New York, County of Suffolk – 10th Judicial District; and (2) under Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

/s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: October 26, 2015
 Central Islip, New York